JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

HEFFERNAN SEUBERT & FRENCH, LLP
William J. Frimel, SBN: 160287
E-mail: Bill@hsfllp.com
1075 Curtis Street
Menlo Park, California 94025
Telephone: (650) 322-3048
Facsimile: (650) 322-2976

Attorneys for Defendants
EVALUESOFTWARE.COM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,

Plaintiff,

v.

EVALUESOFTWARE.COM, LLC, a Nevada Limited Liability Company; JUSTIN CATES, an Individual; and DOES 1-10, Inclusive,

Defendants.

Case No.: CV13-04078 SI

**STIPULATION AND [~~PROPOSED~~] PRELIMINARY INJUNCTION**

**STIPULATION**

Given the Parties' desire to further investigate the facts and discuss settlement, and without any party stipulating to or admitting liability or any fact, Plaintiff ADOBE SYSTEMS INCORPORATED ("Plaintiff"), through its counsel of record, and Defendant

eValueSoftware.com LLC ("Defendant" or "eValue"), through its counsel of record, hereby stipulate to entry of a Preliminary Injunction in the form and content set forth below.

1. **PRELIMINARY INJUNCTION.** eValue and any person or entity acting in concert with, or at its direction, including any and all officers, directors, agents, servants, employees, and any others over which it may exercise control, are hereby restrained and enjoined, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities:

a. importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, any of Plaintiff's Trademarks and Copyrights, including but not limited to ADOBE® ACROBAT® marks and works. A list of Plaintiff's purported registered trademarks is attached and incorporated by reference herein as Exhibit "A" (collectively referred to as "Plaintiff's Trademarks"). A list of Plaintiff's purported registered copyrights is attached and incorporated herein as Exhibit "B" (collectively referred to as "Plaintiff's Copyrights");

b. importing, exporting, downloading, uploading, marketing, selling, offering for sale, distributing or dealing in any activation codes, keys, or serial numbers relating to any of Plaintiff's purported Trademarks and Copyrights, including but not limited to ADOBE® ACROBAT® marks and works;

c. importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Original Equipment Manufacturer ("OEM"), educational, government, or Adobe Employee Software Purchasing Program software, activation keys, code, or serial numbers relating to Plaintiff's Trademarks and Copyrights, including but not limited to ADOBE® ACROBAT® marks and works; and

d. using any Internet domain name that includes any of Plaintiff's Trademarks and Copyrights, including the ADOBE® ACROBAT® marks and works.

2. If Plaintiff believes Defendant has acted in a manner contrary to the terms of this Preliminary Injunction, Plaintiff shall first provide Defendant with notice of such belief. Said

notice shall include specific details so that Defendant can cure the alleged conduct in the event the alleged conduct is a breach of this Preliminary Injunction. In addition, said notice shall be provided to Defendant through its counsel and sent by email and overnight delivery. In the event that the alleged conduct is a breach of this Preliminary Injunction, Defendant shall have ten (10) non-holiday weekdays from its counsel's receipt of the overnight delivery of Plaintiff's notice to cure the alleged conduct. If the alleged conduct has not been corrected within the cure period, Plaintiff may seek relief through the Court in addition to seeking remedies and damages under any other rights Plaintiff may have, which the Parties acknowledge are fully reserved. Notwithstanding the foregoing, Plaintiff's obligation to first provide Defendant with notice and an opportunity to cure shall only apply to the first three breaches of this Preliminary Injunction. As such, after three notices to Defendant regarding actual breaches of this Preliminary Injunction, Plaintiff may seek immediate relief without any further notice to Defendant, including seeking ex parte relief.

3. Plaintiff shall not be required to post a bond relating to the entry of this Stipulated Preliminary Injunction.

4. This Preliminary Injunction shall be for a period of 120 days from the date of the Court's entry of the Order. The parties shall endeavor to reach a settlement and full release of all claims during this interim period.

5. This Preliminary Injunction shall be deemed to have been served upon Defendant at the time of its execution and entry by the Court.

DATED: January 29, 2014

JOHNSON & PHAM, LLP

By: __/s/Christopher Q. Pham________________
Christopher Q. Pham, Esq.
Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

DATED: January 29, 2014

HEFFERNAN SEUBERT & FRENCH, LLP

By: __/s/William J. Frimel_______________
William J. Frimel, Esq.
Attorneys for Defendant
EVALUESOFTWARE.COM, LLC

IT IS SO ORDERED, and DECREED this 3rd day of Feb, 2014.

HON. SUSAN ILLSTON
United States District Judge
Northern District of California

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On January 31, 2014, I served the within document(s):

**STIPULATION AND [PROPOSED] PRELIMINARY INJUNCTION**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ CM/ECF - by electronically transmitting the document(s) listed above to:

**EVALUESOFTWARE.COM, LLC**
**c/o Bill Frimel, Esq.**
bill@hsfllp.com
**Heffernan Seubert & French, LLP**
**1075 Curtis Street**
**Menlo Park, CA 94025**

**JUSTIN CATES**
**c/o Bill Frimel, Esq.**
bill@hsfllp.com
**Heffernan Seubert & French, LLP**
**1075 Curtis Street**
**Menlo Park, CA 94025**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 31, 2014, at Woodland Hills, California.

Evelyn Ruano